1
2      UNITED STATES DISTRICT COURT
3      DISTRICT OF PUERTO RICO
4

EILEEN DOMENECH-RODRIGUEZ,

    Plaintiff,

    v.

BANCO POPULAR DE PUERTO RICO,

    Defendant.

Civil No. 14-CV-01769 (JAF)

5
6      **OPINION AND ORDER**

7      On October 16, 2014, plaintiff Eileen Domenech-Rodríguez ("Domenech")

8      commenced this action against defendant Banco Popular de Puerto Rico ("Banco

9      Popular"), by filing a complaint alleging discrimination and retaliation claims under Title

10     VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and several Puerto Rico laws.

11     (ECF No. 1.)  Banco Popular answered the complaint, denying its claims.  (ECF No. 7.)

12     Following discovery, Banco Popular moved the court for summary judgment on several

13     grounds, including Domenech's alleged failure to file a timely charge with the EEOC.

14     (ECF No. 11.)  Domenech responded in opposition to the motion.  (ECF No. 20.)  With

15     prior leave of the court, Banco Popular then replied to the opposition.  (ECF No. 28.)

16     The court now grants the motion because Domenech's EEOC charge was untimely.

17     As an initial matter, the court finds that we have original jurisdiction of the Title

18     VII claims under 28 U.S.C. § 1331.  Accordingly, the court has supplemental jurisdiction

19     of the related state-law claims under 28 U.S.C. § 1367(a).

20     Domenech's Title VII claims are subject to the procedural requirements of that

21     law.  *Rivera-Díaz* v. *Humana Ins. of P.R., Inc.*, 748 F.3d 387, 389 (1st Cir. 2014) (citing

1   42 U.S.C. §§ 2000e-5 to -9).  Under those requirements, "a would-be plaintiff must first

2   exhaust his administrative remedies."  *Id*.  "This task embodies 'two key components: the

3   timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the

4   agency.'"  *Id*. at 389-90 (quoting *Jorge* v. *Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005)).

5   "The first component contemplates the filing of an administrative charge within either

6   180 or 300 days of the offending conduct, depending on the particular jurisdiction in

7   which the charged conduct occurs."  *Id*. at 390 (citing *Bonilla* v. *Muebles J.J. Alvarez,*

8   *Inc.*, 194 F.3d 275, 278 & n.4 (1st Cir. 1999)).  "With respect to most charges of

9   discrimination, Puerto Rico is a . . . jurisdiction in which the longer filing period applies."

10  *Id*. (citing *Bonilla*, 194 F.3d at 278 n.4).  "An unexcused failure to meet this deadline

11  forecloses recourse to the courts."  *Id*. (citing *Jorge*, 404 F.3d at 564).

12          The parties agree that the final act of either discrimination or retaliation, for which

13  Domenech seeks to hold Banco Popular liable, occurred on June 20, 2013, when Banco

14  Popular cancelled Domenech's contract to work with them.  (ECF Nos. 1 ¶ 20; 11-1 at 2,

15  13; 11-2 ¶ 99; 20-1 ¶ 99.)  Moreover, the parties agree that Domenech stopped working

16  with Banco Popular as of June 30, 2013.[1]  (ECF Nos. 11-2 ¶ 99; 20-1 ¶ 99.)  The parties

17  further agree that Domenech filed the underlying EEOC charge, challenging the acts she

18  had allegedly suffered while working with Banco Popular, on May 5, 2014.  (ECF

19  Nos. 11-2 ¶ 103; 20-1 ¶ 103.)  Unfortunately for Domenech, more than 300 days had

---

[1] The parties contest whether Banco Popular can be held liable under Title VII for the acts alleged in the complaint because, formally, Domenech was an employee of NW Management Group, and she had worked with Banco Popular pursuant to a services contract between the two corporations.  (ECF Nos. 11-1 at 3-12; 20 at 3-7.)  The court does not reach this dispute because Domenech has been foreclosed from bringing her claims before this forum.  *See Rivera-Díaz*, 748 F.3d at 390.

Civil No. 14-CV-01769 (JAF)                                                          -3-

1    elapsed since the last alleged act of discrimination or retaliation had occurred, thereby

2    making the EEOC charge untimely.[2]  *See* 42 U.S.C. § 2000e-5(e)(1) (providing the 300-

3    day deadline for filing an administrative charge); *see also Rivera-Díaz*, 748 F.3d at 390.

4    If unexcused, Domenech's "failure to meet this deadline forecloses [her] recourse to the

5    courts." *Id.* (citing *Jorge*, 404 F.3d at 564).

6          Domenech argues that her failure to meet the deadline should be excused because

7    after she had stopped working with Banco Popular, she complained to the bank about the

8    circumstances behind the cancellation of her contract, which led to two meetings with a

9    Division Manager at the bank, the second of which allegedly occurred on September 27,

10   2013.  (ECF No. 20 at 9.)  Domenech claims that, at these meetings, she spoke with the

11   bank manager about the alleged discrimination she had suffered and the retaliatory basis

12   of the cancellation of her contract, which prompted the manager to promise to "look into

13   it" and to "refer" work to her once the "waters had settled."  (ECF No. 20 at 9-10.)

14   Domenech further claims that the bank manager did not keep his promises, even though

15   they had momentarily persuaded her "not to do anything about her [EEOC] claim."  (ECF

16   No. 20 at 10.)  Based on these claims, Domenech argues that "the last event that triggers

17   the  commencement  of  the  300  days  for  filing  a  discrimination  charge  at  the

---

[2] On the EEOC form that Domenech used to file the administrative charge, she wrote that the acts of discrimination and retaliation she was challenging occurred in November 2013.  (ECF No. 11-8 at 2.) That notation appears to have been in error.  In the sworn statement that Domenech attached to the EEOC form, setting forth her narrative of the challenged acts, the final act that she alleged was Banco Popular's cancellation of her contract "on June 20, 2013."  (*See* ECF No. 27-6 at 4.)   Although Domenech did not provide the EEOC with a date on which any of the other acts had occurred, her complaint is clear that those acts all predated the cancellation of her contract.  (*See* ECF No. 27-6 at 2-5.)  Again, even if we were to count from her last day at Banco Popular on June 30, 2013, more than 300 days had elapsed between then and Domenech's filing of the EEOC charge on May 5, 2014.

Civil No. 14-CV-01769 (JAF)                                                      -4-

1    administrative level would be September 27, 2013." (ECF No. 20 at 10.)  The court finds

2    the argument unavailing.

3         "The Supreme Court has said that the timeliness requirement under 42 U.S.C.

4    § 2000e-5(e)(1) is 'mandatory,' and failure to file within the time period means a

5    potential plaintiff 'lose[s] the ability to recover for [the alleged discrimination].'"

6    *Frederique-Alexandre* v. *Dep't of Nat. & Envtl. Res.*, 478 F.3d 433, 437 (1st Cir. 2007)

7    (alterations in original) (quoting *Nat'l R.R. Passenger Corp.* v. *Morgan*, 536 U.S. 101,

8    109 (2002)).  At the same time, "filing a timely charge of discrimination with the EEOC

9    is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

10   statute of limitations, is subject to waiver, estoppel, and equitable tolling."  *Vázquez-

11   Rivera* v. *Figueroa*, 759 F.3d 44, 49 (1st Cir. 2014) (quoting *Zipes* v. *Trans World

12   Airlines, Inc.*, 455 U.S. 385, 393 (1982)).  Here, Domenech's argument for why her late

13   filing should be excused invokes, at best, the doctrines of equitable estoppel and

14   equitable tolling.

15        "Equitable estoppel 'applies when a plaintiff who knows of his cause of action

16   reasonably relies on the defendant's conduct or statements in failing to bring suit.'"

17   *Ortega Candelaria* v. *Orthobiologics LLC*, 661 F.3d 675, 679 (1st Cir. 2011) (quoting

18   *Ramirez-Carlo* v. *United States*, 496 F.3d 41, (1st Cir. 2007)).  "In order to demonstrate

19   entitlement to equitable estoppel, a plaintiff must show evidence of the defendant's

20   'improper purpose or his constructive knowledge of the deceptive nature of his conduct . .

21   . in the form of some definite, unequivocal behavior . . . fairly calculated to mask the

22   truth or to lull an unsuspecting person into a false sense of security.'"  *Id*. (alterations in

Civil No. 14-CV-01769 (JAF)                                                        -5-

1    original) (quoting *Vera* v. *McHugh*, 622 F.3d 17, 30 (1st Cir. 2010)).    "Only in

2    'exceptional circumstances' will these equitable principles extend the [filing deadline]."

3    *Farris* v. *Shinseki*, 660 F.3d 557, 563 (1st Cir. 2011) (quoting *Vistamar, Inc.* v. *Fagundo-*

4    *Fagundo*, 430 F.3d 66, 71 (1st Cir. 2005)).    "Furthermore, the heavy burden to prove

5    entitlement to equitable relief lies with the complainant."  *Id*. (citing *Rivera-Gomez* v. *de*

6    *Castro*, 900 F.2d 1, 3 (1st Cir. 1990)).

7         Domenech's equitable-estoppel argument fails because there is no evidence of

8    unequivocal, intentionally deceptive conduct on the part of Banco Popular.  In support of

9    her argument, Domenech simply points to two promises that a bank manager allegedly

10   gave her – to "look into" her discrimination and retaliation claims, and to "refer other

11   types of [work]" to her.  (ECF No. 20 at 9-10.)  Domenech implies that the bank manager

12   made the latter promise "in order for [her] not to do anything about her claim[s]."  (ECF

13   No. 20 at 10.)  But she "provides no evidence" of this alleged improper purpose "beyond

14   [her] own say-so and therefore [the court will] ignore that implication."  *See Ortega*

15   *Candelaria*, 661 F.3d at 679 n.6 (citing *Vinick* v. *Comm'r of Internal Revenue*, 110 F.3d

16   168, 171 (1st Cir. 1997)).  And, she does not state that the bank manager had proposed to

17   her an explicit quid pro quo; instead, she just claims that the manager's promises caused

18   her to not do anything for a while.  (*See* ECF No. 20 at 10.)  Moreover, a November 2013

19   letter from Domenech to the bank manager suggests that the bank's failure to refer new

20   work to her was due to the fact that the bank just "did not have cases to refer" because

21   "the volume of accounts [had] decreased."  (ECF No. 26-6 at 2.)  Domenech neither

22   contests this suggestion from her own letter, nor makes a creditable allegation to the

1    contrary.   Accordingly, she has not proven her entitlement to equitable estoppel.   *See*

2    *Ortega Candelaria*, 661 F.3d at 679.

3         "Equitable tolling 'casts a wider net' than equitable estoppel."   *Id*. (quoting *Kale* v.

4    *Combined Inc. Co. of Am.*, 861 F.3d 746, 752 [1st Cir. 1988]).   Still, in Title VII cases,

5    "the baseline rule [remains] that time limitations are important . . . and that federal courts

6    therefore should employ equitable tolling sparingly."   *Mercado* v. *Ritz Carlton San Juan*

7    *Hotel*, 410 F.3d 41, 46 (1st Cir. 2005) (quoting *Bonilla* v. *Muebles J.J. Alvarez, Inc.*, 194

8    F.3d 275, 278 (1st Cir. 1999)).   "[O]nly particularly extraordinary circumstances beyond

9    the plaintiff's control can justify ignoring an otherwise clear time limitation."   *Aresty Int'l*

10   *Law Firm, P.C.* v. *Citibank, N.A.*, 677 F.3d 54, 58 (1st Cir. 2012) (citing *Irwin* v. *Dep't of*

11   *Vet. Affairs*, 498 U.S. 89, 96 (1990)).   For example, the "tolling proponent must establish

12   that . . . [s]he was materially misled into missing the deadline."   *Id*. (quoting *Ortega*

13   *Candeliaria*, 661 F.3d at 680).   "However, a plaintiff generally cannot avail herself of the

14   doctrine if she is responsible for the procedural flaw that prompted dismissal of her

15   claim; in other words, equitable tolling will not 'rescue a plaintiff from his or her lack of

16   diligence.'"   *Farris*, 660 F.3d at 563 (quoting *Abraham* v. *Woods Hole Oceanographic*

17   *Inst.*, 553 F.3d 114, 119 (1st Cir. 2009)).

18        Courts have recognized only a few circumstances in which equitable tolling may

19   be warranted, and only one applies here – when "affirmative misconduct on the part of a

20   defendant [has] lulled the plaintiff into inaction."   *Id*. (quoting *Baldwin Cty. Welcome*

21   *Ctr.* v. *Brown*, 466 U.S. 147, 151 (1984) (recounting the circumstances courts have

22   recognized)).   "[O]ur approach to equitable tolling is narrower [than most courts]; First

1    Circuit law permits equitable tolling only where the employer has actively misled the

2    employee." *Thomas* v. *Eastman Kodak Co.*, 183 F.3d 38, 53 (1st Cir. 1999) (citing *Mack*

3    v. *Great Atl. & Pac. Tea Co.*, 971 F.2d 179, 185 (1st Cir. 1989) (noting that the First

4    Circuit's 'narrow view' of equitable tolling reaches only 'active deception')).[3]  And, the

5    active misleading usually must be about the discriminatory or retaliatory basis of an

6    employment practice.  *Id.*; *see also Mercado*, 410 F.3d at 47 ("equitable modification is

7    appropriate only where the employer actively misled the employee concerning the

8    reasons for the discharge") (quoting *Earnhardt* v. *Puerto Rico*, 691 F.2d 69, 71 (1st Cir.

9    1982)).  By contrast, Domenech alleges that she knew about the discriminatory and

10   retaliatory sources of the actions she attributes to Banco Popular, and that the bank

11   misled her only about whether her claims of discrimination and retaliation would be

12   looked into and whether new work would be referred to her.  (ECF No. 20 at 9-10.)

13   Those allegations do not warrant equitable tolling.

14        Even if this court assumed that false promises of future work could warrant the

15   equitable tolling of the promisee's claims, Domenech's tolling request would still fail.

16   After all, as noted above, she has not shown that the bank manager's promises were

17   actively misleading or deceptive.  Moreover, she has not shown that those promises were

18   a material cause of her missing the EEOC's filing deadline.  *See Aresty Int'l Law Firm,*

19   677 F.3d at 58 (quoting *Ortega Candeliaria*, 661 F.3d at 680).  The promises were

20   allegedly made to her, at the latest, on September 27, 2013.  (*See* ECF No 20 at 9-10.)

---

[3] The court recognizes that First Circuit case law also provides for equitable tolling when "an employer's violation of the EEOC posting requirement" deprives a plaintiff of knowledge of the EEOC's complaint procedures. *Mercado*, 410 F.3d at 46.  Neither party claims that that provision applies here.

Civil No. 14-CV-01769 (JAF)                                                    -8-

1    The next and final contact with Banco Popular that Domenech mentions was a

2    November 6, 2013, meeting, which she found "fruitless and a sham."  (ECF No. 20 at

3    10.)  If Domenech walked away from that meeting disappointed that the bank manager's

4    promises had gone unfulfilled, it neither explains, nor excuses, why she then took another

5    six months to file her EEOC administrative charge, by which time the charge was late.

6    Instead of having been the victim of active deception by the bank (which, again, the

7    record fails to support), Domenech appears to have been the victim of her own lack of

8    diligence, which is especially inexcusable here because her current attorney was already

9    representing her at the time she filed the late EEOC charge.  (*See* ECF No. 11-8 at 2).

10   *See Farris*, 660 F.3d at 563 ("equitable tolling will not 'rescue a plaintiff from his or her

11   lack of diligence'") (quoting *Abraham*, 553 F.3d at 119).

12       In sum, Domenech filed her EEOC charge more than 300 days after the last

13   discriminatory or retaliatory act, for which she seeks to hold Banco Popular liable, had

14   occurred.  Thus, the filing missed the deadline in 42 U.S.C. § 2000e-5(e)(1).  Moreover,

15   Domenech has failed to show that her case is one of the "exceptional" cases that merits

16   equitable relief from a late filing.  *See Farris*, 660 F.3d at 563 (quoting *Vistamar*, 430

17   F.3d at 71).  This is true even though the court has "assess[ed] the record in the light most

18   favorable to [Domenech] and resolv[ed] all reasonable inferences in [her] favor."  *See*

19   *Ameen* v. *Amphenol Printed Circuits, Inc.*, 777 F.3d 63, 68 (1st Cir. 2015) (quoting

20   *Barclays Bank PLC* v. *Poynter*, 710 F.3d 16, 19 [1st Cir. 2013]).  Accordingly, this

21   "unexcused failure to meet th[e] deadline forecloses [Domenech's] recourse to the

22   courts."  *See Rivera-Díaz*, 748 F.3d at 390 (citing *Jorge*, 404 F.3d at 564).

Civil No. 14-CV-01769 (JAF)                                                                -9-

1          The court hereby **GRANTS** Banco Popular's motion for summary judgment as to

2    the Title VII claims on the ground that the bank "is entitled to judgment as a matter of

3    law." *See* Fed. R. Civ. P. 56(a).  Because those claims were the only ones over which the

4    court had original jurisdiction, the court declines, under 28 U.S.C. § 1367(c)(3), to

5    continue to exercise supplemental jurisdiction over the state-law claims in the complaint.

6    *See Fernandez-Salicrup* v. *Figueroa-Sancha*, 790 F.3d 312, 328 (1st Cir. 2015).

7          Judgment will enter dismissing the federal-law causes of action with prejudice and

8    the state-law causes of action without prejudice.

9          **IT IS SO ORDERED.**

10         San Juan, Puerto Rico, this 18th day of December, 2015.

11                                                                    S/José Antonio Fusté
12                                                                    JOSE ANTONIO FUSTE
13                                                                    U. S. DISTRICT JUDGE